UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

JAMES RAYMOND,

                              Petitioner,              9:04-CV-0796
              v.                                       (DNH)

JOSEPH DAVID, Superintendent,

                              Respondent.

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

APPEARANCES:                           OF COUNSEL:

JAMES RAYMOND
Petitioner, *pro se*

HON. ANDREW M. CUOMO                    SENTA B. SUIDA, ESQ.
Attorney for Respondent
Office of the Attorney General          Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224-0341

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION AND ORDER**

I. **Background**[1]

    A. **State Court Proceedings**

    The record reflects that at approximately 8:00 p.m. on March 6, 2001, petitioner,

*pro se*, James Raymond sold approximately 0.4 gram of cocaine to a confidential

informant who was working in cooperation with local law enforcement agents in their

efforts to reduce the sale of illegal narcotics in Auburn, New York.  As a result of that

---

    [1] The background information contained in this Memorandum-Decision and Order is derived from the state court record provided to the Court by the parties.

transaction, a Cayuga County grand jury returned an indictment against Raymond which charged him with conspiracy in the fourth degree, in violation of N.Y. Penal Law § 105.10; criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.39[1], and criminal possession of a controlled substance in the third degree, in violation of N.Y. Penal Law § 220.16[1].  *See* Indictment No. 2001-116. Raymond's court-appointed counsel regarding the above charges was Michael G. Conroy, Esq. of Seneca Falls, New York.  On January 17, 2002, following negotiations between Raymond's counsel and the District Attorney, he pleaded guilty before Cayuga County Court Judge Peter E. Corning to the charge of criminal sale of a controlled substance in the fifth degree in full satisfaction of all charges against him.  *See* Transcript of Change of Plea (1/17/02) ("Plea Tr.").  In connection with that plea agreement, Raymond also waived his right to appeal his conviction and sentence.  *See* Dkt. No. 14, Exh. 8.

On March 14, 2002, Judge Corning sentenced Raymond to an indeterminate term of three and one-half to seven years imprisonment on his guilty plea.[2]  Petitioner did not appeal the judgment of conviction.  *See* Petition (Dkt. No. 1) at ¶ 8.

On March 14, 2003, notwithstanding his waiver of appeal, Raymond filed with the New York State Appellate Division, Fourth Department an application for an extension of time in which to pursue an appeal.  The District Attorney opposed that application, and on June 4, 2003, the Fourth Department denied the request.  Raymond filed an

---

[2]  A copy of the transcript of that sentencing proceeding was not provided.

application with the New York Court of Appeals regarding his request on June 11, 2003,

however it was denied by the Court of Appeals on June 27, 2003.

On July 29, 2003, Raymond filed a motion to set aside his sentence pursuant to

New York's Criminal Procedure Law ("CPL") § 440.20.  In that application, Raymond

claimed that his conviction and sentence was "illegal," declaring:

> I do not know anything about my case.  I never received one
> piece of paper, ever, about my case.  Not one.  I was denied
> an extension of time to appeal.  I ple[]d guilty involuntarily
> without any evidence or paperwork on my case. If there is no
> drug, how can there be a sale.  A sale of what and to whom.
> I sell guitars.

On the same day, Raymond filed a motion to vacate his judgment of conviction

pursuant to CPL § 440.10.  In his application, Raymond declared:

> I do not know why I am here.  When the Judge said to tell
> him what I did, I made up a story what I thought he wanted
> to hear, but that alone cannot be a conviction for criminal
> sale of a controlled substance.  I do not know the evidence
> against me.  I was never given one piece of paper on this
> case.  I have a right to know the evidence against me.

*See* Affidavit in Support of CPL § 440.10 Motion at ¶ 5.

The District Attorney opposed both motions which were addressed by the County

Court in a Decision/Order dated September 12, 2003 ("September, 2003 Order") (Dkt.

No. 14, Exh. 22).  In his decision, Judge Corning found Raymond's claims to be both

unsupported and contradicted by the record, and accordingly denied them as being

without merit.  *Id.*

Raymond did not seek leave to appeal the decision to the Appellate Division.

**B.  This Action**

On July 9, 2004, Raymond filed a *pro se* petition in this District seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, Raymond asserts the following claims:  (1) his guilty plea was unlawfully induced and not knowingly or voluntarily made; (2) the prosecutor failed to provide Raymond with all *Brady* material[3] to which he was entitled; (3) he received the ineffective assistance of trial counsel; and (4) he was denied his constitutional right to appeal his conviction and sentence.  *See* Petition, Grounds One through Four.

After reviewing the petition, Raymond's *in forma pauperis* application, and the file in this matter, the respondent was directed to file a response to the petition.  Dkt. No. 4.  The Office of the Attorney General for the State of New York, acting on respondent's behalf, subsequently filed a response in opposition to Raymond's application.  Dkt. No. 14.  Attached to that response was a memorandum of law requesting dismissal of the petition ("Resp. Mem.").  In respondent's memorandum of law, he claims that Raymond is procedurally barred from asserting his claims for relief, and that, in any event, the claims raised in the petition are without merit.  *See* Resp. Mem.

_____

[3]  *Brady v. Maryland*, 373 U.S. 83 (1963).

## II. Discussion

### A. Procedural Default

#### 1. Grounds One Through Three

Respondent initially claims that Raymond is procedurally barred from obtaining the relief he seeks because he failed to fully exhaust his state court remedies prior to commencing this action. *See* Resp. Mem. at pp. 6-10.

It is well settled that a federal district court "'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . .'" *Shabazz v. Artuz*, 336 F.3d 154,160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (other citation omitted)); *see also Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This is because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir.) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)), *cert denied sub nom.*, *Galdamez v. Fischer*, 544 U.S. 1025 (2005). As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844; *see also Galdamez*, 394 F.3d at 72 (quoting *O'Sullivan*).[4]

The first three grounds asserted by Raymond in his petition were raised in the context of his CPL motions. As noted above, Judge Corning denied the applications in

---

[4] This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan* 526 U.S. at 845; *see also Galdamez*, 394 F.3d at 72 (citing *O'Sullivan*).

his September 2003, Order, and Raymond did not seek leave to appeal that order from the Appellate Division.

Claims raised in CPL motions are fully exhausted for purposes of 28 U.S.C. § 2254 where a party has sought leave to appeal the denial of the motion from the appropriate Appellate Division.  *See*, *e.g.*, *Walker v. Perlman*, ___ F.Supp.2d ___, No. 06CIV.4570, 2008 WL 953687, at *5 (S.D.N.Y. Apr. 8, 2008) (denial of CPL § 440.20 motion is exhausted when petitioner seeks leave to appeal the denial of such application from the Appellate Division); *Brooks v. Walker*, No. 01-CV-760, 2006 WL 1875103, at *8 (N.D.N.Y. July 3, 2006) (Sharpe, J.) ("the Second Circuit has held that "once the Appellate Division denied [petitioner] leave to appeal the denial of [his] section 440.10 motion, [he] had reached 'the end of the road within the state system' for purposes of exhaustion") (quoting *Marel v. Lord*, No. 95 Civ. 9968, 1998 WL 17730, at *1 (S.D.N.Y. Jan. 16, 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999)) (other citations omitted).  Therefore, at first blush, it would appear that this Court could properly "deem" this ground exhausted for purposes of petitioner's habeas application.  *E.g.*, *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 170 (2d Cir. 2000). However, in *Pesina v. Johnson*, 913 F.2d 53 (2d Cir. 1990), the Second Circuit squarely held that even when the statutory time limit for seeking leave to appeal the denial of a CPL motion has passed, federal courts "have no authority to declare as a matter of state law that an appeal from the denial of [a] Section 440.10 motion is unavailable." *Pesina*, 913 F.2d at 54.  Thus, until the petitioner "presents his claim to the highest court – whether or not it seems likely that he will be held to be procedurally barred – he has not exhausted available state procedures."  *Id.  Pesina* therefore stands for the

proposition that district courts must "treat as unexhausted" federal habeas claims that were raised in the state courts through a CPL motion where the petitioner failed to seek leave to appeal from the Appellate Division, rather than "deem" such claims exhausted. *See Priester v. Senkowski*, No. 02 CIV.3441, 2002 WL 1448303, at * 7 (S.D.N.Y. July 3, 2002) (citing *Pesina*); *Quintana v. McCoy*, No. 03-CV-5747, 2006 WL 300470, at *5 (S.D.N.Y. Feb. 6, 2006) (noting that although the Second Circuit's holding in *Pesina* "may well be on shaky ground, it cannot be nullified by this Court").

In light of the *Pesina* court's command, petitioner's first three grounds for relief may not properly be deemed exhausted and procedurally barred.

### 2.  Ground Four

Turning to Raymond's fourth and final ground, as respondent notes in opposing this claim, petitioner never framed his argument in which he alleged that he was denied his right to appeal as one alleging a violation of his federal constitutional right to pursue an appeal.  *See* Resp. Mem. at pp. 7-9; *see also* State Court Records.

A "basic requirement" of the exhaustion doctrine discussed above is that "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature."  *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (citing *Daye v. Attorney General*, 696 F.2d 186, 192 (2d Cir. 1982)); *see also Ramirez v. Attorney Gen.*, 280 F.3d 87, 94 (2d Cir. 2001).  Nothing before the Court suggests that the

federal nature of Raymond's claim regarding his right to appeal was ever presented to the state courts.  He has, therefore, not established that this claim was exhausted.[5]

Unlike his first three grounds for relief, however, it is clear that where a petitioner has failed to assert a federal claim in his state court challenge to a conviction, a federal habeas court should deem such a claim exhausted, which in turn, constitutes a procedural default of such a claim.  *E.g.*, *Aparicio*, 269 F.3d at 90; *Spence*, 219 F.3d at 170; *Jordan v. LeFevre*, 206 F.3d 196, 198-99 (2d Cir. 2000); *Stone v. Stinson*, 121 F.Supp.2d 226, 236 (W.D.N.Y. 2000) (citation omitted); *see also King v. Hasty*, 154 F.Supp.2d 396, 400 (E.D.N.Y. 2001).

Federal courts may only consider the substance of a procedurally barred claim where the petitioner can establish *both* cause for the procedural default and resulting prejudice, or alternatively, that a fundamental miscarriage of justice would occur absent federal court review.[6]  *Dixon*, 293 F.3d at 80-81 (citing *Coleman*); *St. Helen v. Senkowski*, 374 F.3d 181,184 (2d Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (other citations omitted); *see generally Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *King v. Greiner*, 210 F.Supp.2d 177, 182 (E.D.N.Y. 2002) (court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence"); *Lora v. West*, No.

---

[5]  Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies.  *Cruz v. Artuz*, 97-CV-2508, 2002 WL 1359386, at *8 (E.D.N.Y. June 24, 2002) (citing *Colon v. Johnson*, 19 F.Supp.2d 112, 119-20 (S.D.N.Y. 1998); *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir.1958)); *see also Ruine v. Walsh*, 00 CIV. 3798, 2002 WL 1349713, at *2 (S.D.N.Y. June 19, 2002) (citing *Colon*).

[6]  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir. 2002).

04Civ.1902, 2005 WL 372295, at *9 (S.D.N.Y. Feb. 17, 2005) (citations omitted);

*Morales v. Sabourin*, No. 00 Civ. 8773, 2002 WL 32375006, at *11 (S.D.N.Y. Apr. 30,

2002); *see generally Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Raymond has not established cause for his failure to frame his claim that he was

denied the right to pursue an appeal in constitutional terms.[7]  Therefore, it need not be

decided whether he suffered resulting prejudice, because federal habeas relief is

unavailable under this limited exception permitting review of procedurally barred claims

unless **both** cause and prejudice is demonstrated by the petitioner.  *Stepney v. Lopes*,

760 F.2d 40, 45 (2d Cir. 1985) (emphasis added); *D'Alessandro v. Fischer*, No. 01 CIV.

2551, 2005 WL 3159674, at *9 n.10 (S.D.N.Y. Nov. 28, 2005) ("[a]s Petitioner has not

shown cause for his default, this Court need not even reach the question of whether

Petitioner can show prejudice") (citing *Stepney*); *Moore v. Greiner*, No. 02 CIV.6122,

2005 WL 2665667, at *12 (S.D.N.Y. Oct. 19, 2005) (citing *Stepney*); *Lutes v. Ricks*, No.

02-CV-1043, 2005 WL 2180467, at *9 (N.D.N.Y. Sept. 9, 2005) (McAvoy, S.J.) (citing

*Stepney* and *Jones v. Barkley*, No. 9:99-CV-1344, 2004 WL 437468, at *9 (N.D.N.Y.

Feb. 27, 2004) (Sharpe, J.) (collecting cases)).  Moreover, Raymond has not

demonstrated that he is innocent of the crime to which he pleaded guilty.[8]  In fact, in his

petition he appears to request that he merely be resentenced to a term not exceeding

four years.  *See* Petition at ¶ 11(b)(3) (petitioner declaring: "[a]ll I want is to receive the

---

[7] The petitioner bears the burden of demonstrating cause for his procedural default and resulting prejudice.  *See Simpson v. Portuondo*, 01CIV.8744, 2002 WL 31045862, at *5 (S.D.N.Y. June 4, 2002).

[8]  It has been observed that an individual who pleads guilty to a crime can rarely thereafter establish his actual innocence in the context of a federal habeas petition.  *Atkinson v. United States*, No. 05-CV-286, 2005 WL 3555946, at *6 (N.D.N.Y. Dec. 28, 2005) (McAvoy, S.J.).

2-4 year sentence that is in writing . . .").  Raymond may not now properly seek safe

harbor from the procedural denial of his fourth ground based upon a claim of actual

innocence.

In light of the foregoing, petitioner's fourth ground for relief is denied as

procedurally forfeited.[9]

## B.  Standard of Review

While the Second Circuit has not yet articulated the appropriate standard to be

utilized in determining whether unexhausted claims should be denied on the merits, *see*

*Lewis v. Bennett*, 328 F.Supp.2d 396, 405 (W.D.N.Y. 2004), the court in *Sosa v.*

*Mohawk Corr. Fac.*, No. 07 Civ. 5916, 2008 WL 534764 (S.D.N.Y. Feb. 25, 2008)

observed that all four districts in New York have reviewed unexhausted claims to

determine whether they are "patently frivolous," and therefore subject to dismissal.  *See*

*Sosa*, 2008 WL 534764, at *6 n.5 (citations omitted).  Since that approach appears to

be both fair and sensible, Raymond's unexhausted claims will be reviewed to ascertain

whether they are patently frivolous and therefore subject to dismissal.  *E.g. Carr v.*

*Senkowski*, No. 01-CV-689, 2007 WL 3124624, at *20 (W.D.N.Y. Oct. 23, 2007).

---

[9]  The claim also lacks substance.  On March 14, 2001, Raymond executed a document in which he was advised of his right to file an appeal in the criminal case, as well as the time limit applicable to any such appeal and Raymond's right to counsel for that appeal.  *See* Dkt. No. 14, Exh. 8. The record further establishes that a letter sent to Raymond by his trial counsel notes that Raymond's appellate waiver was reflected "on the record."  *See* Letter from Michael G. Convoy, Esq. to James Raymond (8/21/03) (attachment to Petition).  Thus, it is apparent that Raymond was "denied" his right to pursue an appeal merely because he voluntarily executed an appellate waiver.  Furthermore, Raymond's statement in his request for an extension of time in which to file an appeal, in which he declared that he "wanted to appeal this case from the start," *see* Dkt. No. 14. Exh. 9 at p. 3, casts significant doubt on his current habeas claim that he "never knew what a [*sic*] appeal was until [*sic*] [he entered] prison."  *See* Petition, Ground Four.

1.  **Validity of Guilty Plea**

Raymond initially asserts that his guilty plea was unlawfully induced and not made with an understanding of the charges against him.  *See* Petition, Ground One. Specifically, he claims that he did not understand the nature of the charge or the consequences of his guilty plea, and therefore such plea must be overturned.  *Id.*

In a related claim alleging the ineffective assistance of counsel, Raymond argues that he never received any information from his defense counsel about the criminal proceedings against him, and that, consequently, Raymond "knew nothing about [the] case until[] it was over."  Petition, Ground Three.  He further claims that he never knew the precise quantity of drugs he was accused of selling until opposition papers were filed by the District Attorney to a collateral challenge petitioner had filed regarding his conviction.  *Id.*

a.  **Validity of Guilty Plea**

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *see also Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969) (United States Constitution requires that guilty plea be knowingly and voluntarily entered); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (plea is valid when it is both knowingly and voluntarily made).

The Due Process Clause of the United States Constitution requires an affirmative showing that a defendant's plea is entered both knowingly and voluntarily before the trial court may accept the plea.  *See Godinez v. Moran*, 509 U.S. 389, 400

(1993); *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998).  On collateral review, a court may only vacate a guilty plea where the petitioner can establish that it was not made knowingly and voluntarily.  *See Salas*, 139 F.3d at 324; *Tejeda v. United States*, No. 99 CIV. 2948, 1999 WL 893275, at *4 (S.D.N.Y. Oct. 18, 1999); *Ramirez v. Headley*, No. 98 CIV. 2603, 1998 WL 788782, at *5 (S.D.N.Y. Nov. 10, 1998).

The record reflects the following colloquy between the trial court and Raymond at the proceeding when he pleaded guilty to the criminal sale charge:

> THE COURT:         Tell me what you did on this
>                    occasion of March 6, 2001.
>
> THE DEFENDANT:   Your Honor, I got a call earlier that
>                    day from one of the boys saying
>                    they had some stuff and my friend
>                    that works at McQuay came over
>                    and says, Jim, call the guy for me.  I
>                    called him and I got it from him,
>                    went against my parents.  My
>                    parents –
>
> THE COURT:         Did you agree to sell this drug
>                    cocaine?
>
> THE DEFENDANT:   I went outside and got it for my
>                    friend.
>
>                    * * * * *
>
> THE COURT:         . . .  [Y]ou gave some to your friend?
>
> THE DEFENDANT:   Yeah.
>
> THE COURT:         All right. As to the charge of criminal
>                    sale of a controlled substance fifth
>                    degree, how do you plead, guilty or
>                    not guilty?
>
> THE DEFENDANT:   Guilty.

*See* Transcript of Change of Plea (1/17/02) ("Plea Tr.") at pp. 6-7.

Thus, contrary to Raymond's present assertion, it is clear that at the time he entered the guilty plea, he was fully aware of the charge against him, and he specifically acknowledged his guilt of the crime during the plea colloquy.  Since nothing contained in the plea transcript suggests that the guilty plea was not knowingly, intelligently, and voluntarily made, *see* Plea Tr., Raymond's first ground for relief is patently frivolous.

### b.  Ineffective Assistance of Counsel

In his related claim challenging the propriety of the guilty plea, Raymond asserts that he never received any documents from his attorney, and that as a result, he was completely unaware of the charge against him until after he had pleaded guilty. Petition, Ground Three.  He also complains that he was unaware of the quantity of drugs he was accused of criminally selling until after the guilty plea.  *Id.*

The Sixth Amendment to the United States Constitution provides that:  "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const., Amend. VI.  To establish a violation of this right to the effective assistance of counsel, a habeas petitioner must show both: (1) that counsel's representation fell below an objective standard of reasonableness, measured in the light of the prevailing professional norms; and (2i) resulting prejudice that is, a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984); *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) ("the legal principles that govern claims of ineffective assistance of counsel" were established in *Strickland*).

As to Raymond's claim that he did not receive "one piece of paper, ever" from his defense counsel before he pleaded guilty, it is noted that in a letter petitioner wrote

to the District Attorney more than one month prior to the guilty plea, Raymond specifically refers to the indictment returned against him and other individuals.  *See* Dkt. No. 14, Exh. 5.  Furthermore, Raymond's responses to the questions posed to him by Judge Corning at the change of plea, *see* Plea Tr., belie his current claim that he was unfamiliar with the nature of the charges against him.

As to petitioner's assertion that he was unaware of the weight of the narcotic he was accused of selling until after the guilty plea, the Court notes that, even assuming, *arguendo*, the truth of this assertion, he could not have been prejudiced by this fact because the weight of the drug is irrelevant to the crime to which he pleaded guilty – criminal sale of a controlled substance in the fifth degree.  Specifically, that statute prohibits the "'knowing[] and unlawful[] [sale of] a controlled substance,'" regardless of its weight.  *See United States v. Arias*, 409 F.Supp.2d 281, 301 (S.D.N.Y. 2005) (quoting N.Y. Penal L. § 220.31).  Raymond's third ground for relief is therefore also patently frivolous.

### 2. Denial of *Brady* Material

In his second ground for relief, Raymond argues that the prosecutor violated his right to receive *Brady* material.[10]  Petition, Ground Two.  Specifically, he asserts that he never received any documents relating to the criminal matter until after he was sentenced, and that he eventually discovered that he had pleaded guilty to selling only .4 gram of cocaine.  *Id.*

---

[10]  Senior Judge Neal P. McCurn of this District has observed that an individual's right to receive *Brady* material cannot be waived, notwithstanding the existence of a valid guilty plea.  *See Dunn v. Senkowski*, No. 03-CV-0364,  2007 WL 2287879, at *13 (N.D.N.Y. Aug. 7, 2007) (McCurn, J.) (collecting cases).

In *Brady*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.  To prove a *Brady* violation, a habeas petitioner must establish that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or could have impeached a prosecution witness; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued from the withholding.  *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

In considering whether a party has established the first element of a *Brady* claim, the Second Circuit has noted that "[e]vidence is favorable to the accused if it either tends to show the accused is not guilty or impeaches a prosecution witness." *Boyette*, 246 F.3d at 90 (*citing United States v. Bagley*, 473 U.S. 667, 674 (1985)); *see also Strickler*, 527 U.S. at 281.  Once it has been proven that the prosecution has suppressed that evidence, courts are required to consider the materiality *vel non* of the allegedly exculpatory evidence.  *Boyette*, 246 F.3d at 91-92.  Evidence is material in this context "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *Bagley*, 473 U.S. at 682) (other citation omitted); *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir.) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)) (other citations omitted).

The only favorable evidence the prosecution is alleged by petitioner to have withheld from the defense related to the weight of the narcotic Raymond was accused

(and ultimately convicted of) criminally possessing. *See* Petition, Ground Two. However, as noted above in conjunction with Raymond's claim challenging the effectiveness of his counsel, N.Y. Penal L. § 220.31 prohibits the knowing and unlawful sale of a controlled substance ***without regard*** to the narcotic's weight. *See id.* (emphasis added); *Arias*, 409 F.Supp.2d at 301; *United States v. Lilla*, 534 F.Supp. 1247, (N.D.N.Y. Mar 12, 1982) (Munson, C.J.) ("N.Y. Penal Law § 220.31 . . . prohibits the sale of ***any*** quantity of cocaine") (emphasis added).

Since the weight of the drug Raymond was accused of selling was irrelevant with respect to his guilty plea to the criminal sale of a controlled substance in the fifth degree, petitioner has not demonstrated the first element required for his *Brady* claim. A habeas petitioner must satisfy all three elements of a *Brady* claim to prevail on such a claim.[11] *Hughes v. Phillips*, 457 F.Supp.2d 343, 359 (S.D.N.Y. 2006) (citing *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001)). This ground is also dismissed as being patently frivolous.

## III. Certificate of Appealability

Finally, 28 U.S.C. § 2253(c)(1) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

---

[11] Of course, petitioner has likewise failed to demonstrate the third prong required for his *Brady* claim, i.e., that he was prejudiced by the claimed withholding of that evidence.

> (A) the final order in a habeas corpus
> proceeding in which the detention complained
> of arises out of process issued by a State court
> . . . .[12]

A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2). Since Raymond has failed to make such a showing, a Certificate of Appealability will not be issued.

THEREFORE, it is

ORDERED, that:

1.  Petitioner's habeas petition (Dkt. No. 1) is DENIED and DISMISSED; and

2.  A Certificate of Appealability is DENIED.

The Clerk shall serve a copy of this Order on the parties by regular or electronic mail.

IT IS SO ORDERED.

Dated:   June 24, 2008
         Utica, New York.

_____
United States District Judge

---

[12] Rule 22(b) of the Federal Rules of Appellate Procedure  provides the same.